IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GREG KEY                                                                                                PLAINTIFF

v.                                          No. 4:09CV00658 JLH

HAYWARD FINKS, Individually,
and in his Official Capacity as a Captain
of the Little Rock Police Department;
WILLIE DAVIS, Individually,
and in his Official Capacity as a Sergeant of the
Little Rock Police Department; and
CITY OF LITTLE ROCK                                                                    DEFENDANTS

**OPINION AND ORDER**

On August 4, 2009, Gregory Key filed an employment discrimination claim against the defendants pursuant to 42 U.S.C. § 1983, alleging that he was denied due process and equal protection under the law when his supervisors verbally harassed and suspended him from the Little Rock Police Department ("LRPD"). The defendants have filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c)(2). They contend that the claims are not warranted by existing law, are frivolous, and are not supported by the evidence. For the following reasons, the motion for sanctions is denied.

**I.**

Chief of Police Hayward Finks and Sergeant Willie Davis are African Americans who serve in the LRPD. The plaintiff Gregory Key is a Caucasian officer. The complaint alleges that, on October 25, 2006, Key was suspended for one day "based upon bogus and completely untrue charges of dereliction of duty and making a false statement." (Compl. ¶ 8.) The complaint also contends that, on February 14, 2007, Key was subject to verbal abuse and harassment by Sergeant Davis, that the harassment was condoned by Captain Finks, and that the harassment was based in part upon

Key's race. As a result of that incident, according to the complaint, Key was relieved of duty for four days and ultimately given a two-day suspension. Based on these facts, Key alleges that the defendants violated the his due process and equal protection rights, the Arkansas Civil Service Act, and General Order 211 of the LRPD's Rules and Regulations. The defendants assert that these allegations are frivolous and that plaintiff's counsel should be subject to sanctions as a result.

## II.

According to Rule 11(c)(2), "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). . . . If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2). Rule 11(b) requires an attorney to certify that to the best of his knowledge, information, and belief:

> (1) [the pleading] is not being presented for any improper purpose . . . ;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Eighth Circuit has said that "[t]he imposition of sanctions is a serious matter and should be approached with circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). "Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree. The issue is whether the person who signed

the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." *Id.* (finding that Rule 11 was not violated because the plaintiffs had nonfrivolous legal arguments for avoiding a statute of limitations defense).

### III.

First, the defendants argue that the Key's procedural due process rights could not have been violated because the plaintiff did not have a property interest in his employment with the Little Rock Police Department ("LRPD"). A party can only sustain a procedural due process claim if "the party has a property interest in the thing taken away." *Zenco Dev. Corp. v. City of Overland*, 843 F.2d 1117, 1118 (8th Cir. 1988) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709, 33 L. Ed. 2d 548 (1972)).

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim or entitlement to it. . . . Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Roth*, 408 U.S. at 577, 92 S. Ct. at 2709.

Here, the plaintiff argues that his property interest was created and defined by General Order 211 of the LRPD's Rules and Regulations, which govern the disciplinary process at the LRPD. According to subsection II(C)(1)(c) of General Order 211, an employee may only be suspended *for just cause*. (Defs.' Ex. A-1.) Based on this language, the plaintiff's contention that he has a property interest in his employment with the City of Little Rock is not without merit and, therefore, is not sanctionable. *See Jones v. City of Gary, Ind.*, 57 F.3d 1435, 1441 (7th Cir. 1995) ("[B]ecause Jones could be suspended only 'for cause,' he had more than a unilateral expectation in his continued

employment with the Gary Fire Department. Jones had a protected property interest in his employment . . . of which he could be deprived only with due process of law.")

Second, the defendants argue that Key's substantive due process claim is frivolous because the actions to which the plaintiff claims he was subjected are not "conscience-shocking." In order to state a substantive due process claim, the plaintiff "must allege that the government action was 'sufficiently outrageous' or 'truly irrational, that is, something more than . . . arbitrary, capricious, or in violation of state law.' " *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 628 (8th Cir. 2001). In other words, the government's contested actions must be "conscience shocking." *Moran v. Clarke*, 296 F.3d 638, 644 (8th Cir. 2002). Key argues that the defendants' alleged conduct *is* conscience shocking: Key alleges that the defendants screamed at him, treated him disrespectfully, verbally abused him, and wrongly suspended him. As the Eighth Circuit Court of Appeals has said, "[t]he concept of substantive due process is certainly open to question." *Singleton v. Cecil*, 155 F.3d 983, 989 (8th Cir. 1998). Key's substantive due process argument may not prevail, but it is not sanctionable.

Third, the defendants argue that Key's equal protection claim is frivolous and, therefore, sanctionable because the harassment Key alleges was not severe enough to render his work environment "hostile." To establish a prima facie case for a hostile work environment, a plaintiff must prove: (1) that he was a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and membership in the group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt action. *Sanders v. Lee Co. Sch. Dist. No. 1*, No. 2:08CV00219 JLH, 2010 WL 358529, at *6 (E.D. Ark. Jan. 22, 2010). The defendants argue that the harassment the plaintiff allegedly experienced did not affect a term,

condition, or privilege of his employment with the LRPD and thus does not rise to the level of a constitutional violation. The plaintiff argues that it does. It is true that "different folks . . . view Plaintiff's allegations differently." (Pl.'s Resp. at 8.) Just because the parties do not agree as to whether the defendants' actions were sufficiently egregious to constitute a constitutional violation does not render Key's complaint sanctionable. The Court finds no basis for imposing sanctions against Key or his counsel.

Finally, the defendants argue that the alleged violations of the Arkansas Civil Service Act and LRPD General Order 211 are frivolous because the City of Little Rock strictly complied with the statute and regulations when it suspended Key. The Arkansas Civil Service Act instructs civil service commissioners to prescribe rules and regulations providing for suspension for not more than thirty days. Ark. Code Ann. § 14-51-301(b)(10)(A) (2009). General Order 211, issued pursuant to this instruction, requires the Chief of Police to have just cause for suspending an employee. (Def.'s Ex. A-1.) The plaintiff contends that he was suspended without cause. Thus, the allegations in the complaint that the defendants violated this provision by suspending Key are not frivolous and, therefore, are not sanctionable.

## CONCLUSION

The defendants may prevail on the merits when the time comes to decide this case, either on a motion for summary judgment or at trial. That, however, is not the standard under Rule 11. For the reasons stated above, the defendants' motion for sanctions is DENIED. Document #8.

IT IS SO ORDERED this 7th day of April, 2010.

_J. Leon Holmes_
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE