**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

GREG KEY                                                                    PLAINTIFF

v.                                    NO. 4:09CV00658 JLH

HAYWARD FINKS, Individually,
and in his Official Capacity as a Captain
of the Little Rock Police Department;
WILLIE DAVIS, Individually,
and in his Official Capacity as a Sergeant of the
Little Rock Police Department; and
CITY OF LITTLE ROCK                                                         DEFENDANT

## OPINION AND ORDER

Greg Key has filed a motion to alter or amend the judgment or for relief from or correction

of the judgment dismissing all of his federal and state law claims with prejudice.  The Judgment and

Order were entered on September 1, 2010.  For the following reasons, Key's motion is granted in

part and denied in part.

## I.

The background of this case is set forth in detail in the Court's September 1, 2010, Order and

will not be repeated here.  *See Key v. Finks*, No. 4:09CV00658, 2010 WL 3515720 (E.D. Ark. Sept.

1, 2010).  Officer Key filed a complaint alleging that his supervisors at the Little Rock Police

Department violated his First Amendment, due process, and equal protection rights by verbally

harassing and suspending him from work on two separate occasions.  The first suspension arose out

of an altercation between Officer Key and Thelma Bradley, a driver who Officer Key cited for

loitering in a parking lot on June 17, 2006. The second suspension occurred after Officer Key was

slow to respond to a burglary detail in midtown Little Rock on February 14, 2007, and after he

expressed his dissatisfaction with the way that Captain Hayward Finks addressed his unit at a lineup

the next day.  Officer Key also alleged in the complaint that the defendants violated the Arkansas

Civil Service Act and breached the terms of his employment contract with the City of Little Rock.

The Court found no genuine issue of material fact and determined that the defendants were entitled

to judgment as a matter of law on all of the plaintiffs' claims.  Accordingly, the defendants' motion

for summary judgment was granted and all of Key's claims were dismissed with prejudice.  Key

requests relief from the Court's September 1, 2010, Order and Judgment under Federal Rules of

Civil Procedure 59(e) and 60(b).[1]

## II.

Motions to alter or amend a judgment pursuant to Rule 59(e) are generally appropriate for

four reasons: (1) to correct a manifest error of fact or law; (2) to incorporate newly-discovered and

previously unavailable evidence; (3) to prevent manifest injustice; and (4) to address an intervening

change in controlling law.  1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and

Commentary, Rule 59 (2010), *available at* Westlaw FRCP-RC.  "Rule 59(e) is not to be used to re-

assert arguments, theories, and evidence that previously were rejected by the court."  *Id.*; *see also*

*Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5, 171 L. Ed. 2d 570 (2008); *United States*

*v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) ("Such motions cannot be used

to introduce new evidence, tender new legal theories, or raise arguments which could have been

offered or raised prior to entry of judgment.") (quoting *Innovative Home Health Care, Inc. v. P.T.-*

*O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)).  Rather, it serves the "limited

---

[1]Although Key does not specify in his motion which subsections of Rules 59 and 60 are
applicable, the only provisions that could apply are 59(e) and 60(b).  *See* Fed. R. Civ. P. 59-60.

function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care,* 141 F.3d at 1286 (internal quotations omitted).

In this case, Officer Key has not presented any evidence to suggest that he is entitled to relief under Rule 59(e) on his constitutional claims.  Key contends that this Court committed a manifest error of law by granting the defendants' motion for summary judgment when there were "outstanding issues of material fact as between the parties."  (Pl.'s Mot. ¶ 2.)  First, the Court notes that the only evidence Key offered in response to the defendants' summary judgment motion was a self-serving affidavit.  *See Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 831 (8th Cir. 2008) ("[A] properly supported motion for summary judgment is not defeated by self-serving affidavits.") (quoting *Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006)).  Moreover, Key does not point to one disputed fact that is material to his constitutional claims.

Key states that whether he used profanity and acted inappropriately is "highly disputed." (Pl.'s Mot. ¶ 6.)  Even if the Court assumes that Key did not use profanity or act inappropriately either during the altercation with Ms. Bradley or during the incident involving Captain Finks and Sergeant Davis, the defendants would be entitled to summary judgment on Key's constitutional claims.  Whether a plaintiff's procedural due process rights have been violated does not turn on whether the plaintiff committed the acts for which he was disciplined but on whether the plaintiff was given notice of the allegations and a meaningful opportunity to be heard.  *See Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S. Ct. 1983, 1994, 32 L. Ed. 2d 556 (1972) (considering whether the plaintiff was afforded a meaningful opportunity to be heard).  Likewise, in a hostile work environment claim, the court is concerned with the conduct of the defendants, not that of the plaintiff.  *See Bradley v. Widnall*, 232 F.3d 626, 631 (8th Cir. 2000) ("[H]ostile work environment harassment occurs when

the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (internal quotations omitted).  "To determine whether a violation of an individual's substantive due process rights has occurred, the question is whether the officials acted in an arbitrary or capricious manner [in light of the evidence presented], or so as to shock the conscience." *Herts v. Smith*, 345 F.3d 581, 587 (8th Cir. 2003). The evidence presented to the defendants in both investigations suggested that Key had in fact used profanity and behaved inappropriately.[2]  Based on that evidence, Key's suspensions were not arbitrary, capricious, or conscience-shocking.  Nor did the manner in which Captain Finks and Sergeant Davis behaved shock the conscience.  Thus, the Court did not commit a manifest error by granting summary judgment for the defendants on Key's constitutional claims in spite of Key's contention that he did not use profanity or act inappropriately.[2]

Key argues that the Court also erred by failing to consider whether the department's disciplinary proceedings against him were tainted by the discriminatory animus of Captain Finks and Sergeant Davis. However, Key offers not even a scintilla of evidence to support his assertion that Finks and Davis were biased against him because of his race.  The only evidence that Key offers is a self-serving affidavit in which he alleges that Captain Finks and Sergeant Davis—both African

---

[2]Included in the investigation file of the altercation between Officer Key and Ms. Bradley was a taped recording of the incident as well as recommendations from the officers in Key's chain of command who concluded that Key had in fact used profanity.  Included in the investigation file of the altercation between Key, Finks, and Davis in February 2007 were written statements of witnesses who alleged that Key addressed his supervising officers in a disrespectful and inappropriate manner.

[2]Key also alleged a First Amendment claim in his complaint.  However, Key did not have standing to assert a First Amendment claim against the city on behalf of others, and the claim was dismissed on summary judgment.  Document # 36.

4

Americans—cursed at him, screamed at him, and demeaned him.  *See Gander Mountain Co.*, 540

F.3d at 831 ("[A] properly supported motion for summary judgment is not defeated by self-serving

affidavits.").   Key also alleges in his affidavit that other Caucasian officers complained about

Sergeant Davis.   However, Key cannot point to any racial bias contained in any of the comments or

reports of Finks or Davis.  *See, e.g.*, *Tapp v. St. Louis Univ.*, 78 F. Supp. 2d 1002, 1014 (E.D. Mo.

2000) (finding no evidence of taint in the tenure process when plaintiff could not point to any gender

bias contained in the comments of the evaluations or votes by the committees). Without any evidence

to suggest that Davis and Finks were biased against Key because of his race, no reasonable jury

could find that the proceedings were impliedly tainted with racial animus.  *See Morris v. Conagra*

*Foods, Inc.*, 435 F. Supp. 2d 887, 908 (N.D. Iowa 2005) ("Unfortunately for [the plaintiff], no

reasonable jury could find a sufficient 'tie' between the neutral conduct and a discriminatory

animus.").

Key also argues that the Court committed manifest error by failing to address the torts of

common law assault and intentional infliction of emotional distress.  (Pls.' Mot. ¶ 12.)  The Court

did not consider those claims because neither was raised in the complaint.  A complaint must contain

a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a)(2).  There is no duty on the part of the court to create a claim that the plaintiff does not spell

out in his pleading.  *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7*, 747 F.2d 1195, 1197-98

(8th Cir. 1984).  Key's complaint specifically alleges that Key

> was deprived of his rights to procedural due process, substantive due process and the
> equal protection of the law secured to him by the Fifth and Fourteenth Amendments
> . . . and, further, that the acts and conduct of the Defendants . . . violated Arkansas's
> Civil Service Act and the City of Little Rock Personnel Policies and Regulations
> which form a substantive part of Key's employment contract with the City of Little
> Rock.

(Compl. at 1.)  The complaint does not contain any statements that could be construed as assault or emotional distress claims; thus, the Court did not err in failing to consider those claims.

The remaining allegations of manifest error pertain to Key's state law claims against the defendants.

> In *Adair v. Burgett*, 210 F.3d 378, 2000 WL 485256 (8th Cir. 2000) (unpublished per curium), a case which originated in this Court, the Eighth Circuit affirmed the grant of summary judgment on the plaintiff's constitutional claims. With regard to the state claim, however, the Eighth Circuit, quoting *Birchem v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir. 1997), stated that " 'when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state law claims are dismissed without prejudice to avoid [n]eedless decisions of state law . . . as a matter of comity . . .' " *Adair*, *supra*.

*Bennett v. City of Gould*, 5:06CV00182, 2007 WL 1288612, at *5 (E.D. Ark. Apr. 27, 2007).  In the September 1, 2010, Order and Judgment, the Court granted the defendants' motion for summary judgment and dismissed the complaint with prejudice.  Based on the Eighth Circuit's holding in *Adair*, the state law claims should have been dismissed without prejudice.  The Court amends the Judgment entered on September 1, 2010, and dismisses the plaintiff's claims for breach of contract claim and violations of the Arkansas Civil Service Act without prejudice.

### III.

Key is not entitled to relief under Rule 60(b).[1]  Relief under Rule 60(b) is an "extraordinary remedy" and is justified only under "exceptional circumstances." *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005).  Rule 60(b) motions are appropriate when

---

[1]The Eighth Circuit has said that "any motion that draws into question the correctness of the judgment is functionally a motion under [Fed. R. Civ. P. 59(e)], whatever its label." *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (quoting *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986)).  This calls into question whether a Rule 60 analysis is even necessary.

a party seeks relief from a final judgment to correct a mistake, to introduce newly discovered evidence, to show that a fraud has been perpetrated upon the court, or for any other justifiable reason. Fed. R. Civ. P. 60(b).  It "was not intended as a substitute for a direct appeal from an erroneous judgment."  *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986).   Here, Key argues only that this Court erred as a matter of law in dismissing his claims; he does not present any of the grounds for relief under Rule 60(b)(1)-(5) or an "unusual situation" warranting relief under Rule 60(b)(6).  *See Bilal v. Kaplan*, 956 F.2d 856, 857 (8th Cir. 1992) (finding that the district court did not abuse its discretion in denying the plaintiff's Rule 60(b) motion when the plaintiff argued only that the court erred as a matter of law when it dismissed his complaint).  Thus, Key's motion for relief pursuant to Rule 60(b) is denied.

## CONCLUSION

For the reasons stated above, Key's motion to alter or amend the judgment pursuant to Rule 59(e) is GRANTED in part and DENIED in part.  The judgment shall be amended so that Key's state law claims are dismissed without prejudice.

Key's motion for relief from the judgment pursuant to Rule 60(b) is DENIED.

IT IS SO ORDERED this 10th day of November, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE